UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

LIN LIN,

Petitioner,

v.

JOHN MATTOS, *et al.*,

Respondents.

Case No. 2:26-cv-02468-MMD-MDC

ORDER

Petitioner filed a pro se petition for writ of habeas corpus on August 11, 2026. (ECF No. 1.) The Court ordered Respondents to file a notice regarding *Jacobo-Ramirez* class membership and produce certain documents by August 19. (ECF No. 3 at 3 (citing *Jacobo-Ramirez v. Mullin*, No. 2:25-cv-02136-RFB MDC, 2026 WL 879799, at *33 (D. Nev. Mar. 30, 2026)).) That deadline passed and Respondents did not file a notice or a motion for extension of time. On September 2, Petitioner filed a notice of Respondents' Non-Compliance. (ECF No. 7.) The next day, the Court ordered Federal Respondents to show cause why they should not be sanctioned for failing to comply with the Court's order. (ECF No. 8.) That same day, Respondents filed a notice confirming Petitioner is a class member (ECF No. 9) as well as a motion to extend time retroactively to file said notice. (ECF No. 10 ("Motion").) While the Court finds the reasoning for Respondents' delay inadequate and the delay inherently prejudicial, the Court grants the Motion due to the minimal length of the delay and Respondents' lack of bad faith.

The Federal Rules of Civil Procedure grant the Court the discretion to, "for good cause," extend a Court-imposed deadline "on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P 6(b)(1)(B). The determination of whether certain conduct qualifies as "excusable neglect" is an equitable

one, "taking account of all relevant circumstances." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship,* 507 U.S. 380, 395 (1993). The Court considers four factors in making this determination: "(1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *In re Veritas Software Corp. Sec. Litig.*, 496 F.3d 962, 973 (9th Cir. 2007). Negligence on the part of counsel may qualify as excusable neglect. *See Pioneer*, 507 U.S. at 399.

The Court finds Federal Respondents' reason for the delay is insufficient. Respondents cite a "severe shortage of staff." (ECF No. 13 at 1.) In their response to the Court's order to show cause, Respondents highlight losing three Assistant United States Attorneys ("AUSAs") in the month of August when the Civil Division received one hundred and fifty-three new habeas corpus immigration matters. (ECF No. 11 at 2.) The Court finds the "voluminous amount of habeas corpus immigration matters that are continuously filed on a daily basis" is not an adequate reason to miss the deadline in this case. (*Id.*); *see Sanchez Diaz v. Bondi*, No. 2:26-CV-00310-MMD-MDC, 2026 WL 776803 (D. Nev. Mar. 19, 2026) ("Respondents cannot invoke the number of immigration habeas cases as a basis for delaying habeas review where they have affirmatively chosen to initiate and pursue these detention proceedings. Having exercised their discretion to arrest and detain Sanchez Diaz, Respondents bear the corresponding obligation to litigate challenges to that custody promptly." (citation omitted)); *Tran v. United States*, 2:25-cv-02397-APG-DJA, (D. Nev. Jan. 25, 2026) (ECF No. 16) ("While I am sympathetic to the problems this creates for the respondents' counsel, this court and the FPD are similarly laboring under increased and expedited workloads due to the respondents' recent increase in immigration detentions.")

Moreover, the Court does not find Respondents' delay to be non-prejudicial. Each day Petitioner remains unlawfully detained imposes irreparable harm. *See Hernandez v.*

*Sessions*, 872 F.3d 976, 999 (9th Cir. 2017). The prejudicial nature of the delay is particularly evident here where Federal Respondents' delayed filing concedes that Petitioner is legally entitled to a bond hearing. (ECF No. 9.)

Despite this, the Court concludes the fifteen-day delay is not majorly prejudicial. Moreover, the Court finds Federal Respondents did not delay in bad faith. Federal Respondents only realized the missed deadline on September 2, after Petitioner filed a notice of non-compliance. (ECF Nos. 7, 11.) The next day, Respondents filed the notice, the request for retroactive extension, and the response to the Court's order to show case. (ECF Nos. 9, 10, 11.) There is no evidence Federal Respondents intentionally "flout[ed the] deadline" here. *Pioneer*, 507 U.S at 388. Therefore, weighing the relevant factors, the Court finds Federal Respondents' failure to meet the Court-ordered deadline constitutes "excusable neglect." *See Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1224–25 (9th Cir. 2000).

It is therefore ordered that Federal Respondents' Motion is granted. (ECF No. 13.) The Court accepts Respondents' filing (ECF No. 9) as retroactively timely due to excusable neglect.

DATED THIS 4th Day of September 2026

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE